Calvin ALLEN, Petitioner–Appellant,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Respondent.**

No. 27668.

Missouri Court of Appeals, Southern District, Division One.

Jan. 22, 2007.

Calvin Allen, Springfield, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Calvin Allen ("Appellant") was involved in a car accident in Springfield on September 30, 2003. Appellant was cited for not carrying liability insurance. On December 17, 2003, the Circuit Court of Greene County issued a summons in a criminal case (number 303CM12379), which charged Appellant with driving while his license was revoked for nonpayment of child support (§ 302.321), operating a motor vehicle without financial responsibility (§ 303.025), and following too closely (§ 304.017).[1] Prior to the resolution of the criminal charges, but apparently in response to them, the Director ("Respondent"), after an administrative hearing pursuant to § 303.290.1, subsequently, on July 23, 2004, suspended Appellant's driving privilege and vehicle registration 166–BGG on the basis that he operated a vehicle without financial responsibility, in violation of § 303.025. Additionally, the Director stated:

> [Appellant was] an uninsured motor vehicle operator/owner and there is a reasonable likelihood of a judgment against [him]. Accordingly, [Appellant] must post $7,463.00 bond or pursue other remedies ... no later than August 25, 2004 or [his] driving privilege and vehicle registration 166–BGG will be suspended.

On August 19, 2004, Appellant did not post the bond but filed pro se a "Notice of Appeal" and a "Motion for Consolidation of Civil Actions and Claims" in the criminal case (number 303CM12379) purporting to challenge Respondent's decision of July 23,

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2004, even though a suit challenging the administrative hearing is a civil suit. The trial court never ruled on Appellant's motion but, after a confusing array of procedural motions in the civil and criminal cases, the trial court granted a motion to dismiss filed by Respondent. The motion to dismiss claimed that Appellant's motion in the civil case was not timely.

On appeal, Respondent candidly admits: [T]he court below has never ruled upon Appellant's initial petition.

This situation seems to be attributable to Appellant's unique method of attempting to proceed in this matter by filing pleadings seeking review of Respondent's administrative action in a pending criminal proceeding. Further confusion appears to be attributable to Appellant seeking to consolidate the separate criminal proceeding with the civil proceeding under Rule 66.01, although said rule only allows the consolidation of *civil* cases.

. . . .

As such, this matter is not ripe for adjudication on appeal, since the original petition was never heard or ruled upon. Therefore, this matter should be remanded for a hearing on the merits.

Respondent admits that Appellant's pleadings were sufficient to invoke his right to judicial review of the administrative hearing and the case should be remanded to the trial court for a hearing on the merits of Appellant's appeal of the suspension of his driving privilege and vehicle registration. We agree, reverse and remand the matter for a hearing on its merits.

PARRISH and SCOTT, JJ., concur.